*Ralph Rotondo, Michael Addeo,* for complainant.

*Charles H. Drummey,* for respondent.

ANGELINA LUCCHETTI *vs.* ANGELO LUCCHETTI.

NOVEMBER 26, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a bill in equity for an accounting by Angelina Lucchetti against her husband Angelo Lucchetti in which she alleges joint ownership with him of certain described mortgages and notes and also a half interest in a "haberdashery, clothing and shoe store" conducted by him at 377 Atwells avenue in the city of Providence. The cause was heard in the superior court on bill, answer and proof and thereafter a decree was entered ordering the respondent to account as to the mortgages and notes, but denying complainant's claim of ownership of a half interest in the store. From that decree the respondent has appealed to this court.

This cause was tried together with a bill in equity brought by the same complainant against the same respondent for partition of certain real estate alleged to be jointly owned by the parties. A decree was entered therein granting the relief prayed for and the respondent also appealed from that decree. Both appeals were heard together in this court. We have this day filed a separate opinion sustaining the decree appealed from in the companion partition suit, *Lucchetti* v. *Lucchetti,* 85 R. I. 105. Reference may be had to that opinion for a fuller description of the factual background out of which the controversies between the parties arose.

It is sufficient to state here that the parties lived together as husband and wife from 1938 until 1953 when they became estranged and separated. During that time, besides keeping house for her husband, complainant worked in his store without receiving any wages therefor, and she worked for a time in a mill and later conducted a restaurant in a hotel which she and respondent had purchased jointly. It appears from the evidence that they also jointly engaged in lending money on notes and mortgages.

The trial justice found that certain mortgages and notes by Gelardo and Mary Terranova and by Salvatore Lanzi to complainant and respondent were held by them in joint ownership. He also found that a promissory note of $3,000

and another of $6,000 made payable to respondent by Ralph and Emma Lancelotti were also jointly owned by the parties. It appeared in evidence that those notes were made in substitution of two notes of identical amounts made payable to Angelo and Angelina Lucchetti. The respondent surrendered those notes without the knowledge or consent of complainant.

From our examination of the transcript and the exhibits in evidence we cannot say that the trial justice was clearly wrong in finding that these notes were jointly owned. Having been found to be thus owned, we think it was incumbent upon respondent to show that complainant was not entitled to a one-half interest in such notes and mortgages. The trial justice apparently was not impressed with the testimony of respondent nor were we as we read it in the transcript.

However, respondent complains that at least the trial justice erred in ordering partition since complainant does not pray for such relief in her bill. The first answer to such contention is that the decree contains no specific order for partition. It refers the matter to a special master for an accounting. The second answer is that in the circumstances here complainant's concluding prayer for general relief could quite appropriately encompass relief by partition after the report of the master has settled the account between the parties. We see no obstacle to the entry of an order at that time dividing the property between the parties in the most practicable manner.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### On Motion for Reargument.

### January 18, 1957.

Per Curiam. After our decision in the above case the respondent requested and received permission to file a mo-

tion for leave to reargue. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they suggest no point which we have not already considered or which in the circumstances warrants such reargument.

Motion denied.

*Ralph Rotondo, Michael Addeo,* for complainant.

*Charles H. Drummey,* for respondent.